IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

TRAVIS BROWN,

    Plaintiff,

v.                                  C.A. No.:   6:18-cv-171

J&J LOGISTICS, INC., and,
JESSE GASTON,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TRAVIS BROWN (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, J&J LOGISTICS, INC., and JESSE GASTON (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and reasonable attorney's fees and costs.

## **JURISDICTION**

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, J&J LOGISTICS, INC., has offices McLennan County, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in McLennan County, Texas.

5. Plaintiff, TRAVIS BROWN, was employed by Defendants from August 28, 2017, to December 27, 2018, a "Delivery Driver."  Some of Plaintiff's principle duties were to deliver packages from a designated terminal station to residential and commercial locations.

6. Defendant, J&J LOGISTICS, INC., is a corporation existing under the laws of the State of Texas and maintains offices in Crawford, Texas.

7. Defendant, J&J LOGISTICS, INC., operates a company that primarily operates as a contract service provider for FedEx Corporation, and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, J&J LOGISTICS, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, J&J LOGISTICS, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, J&J LOGISTICS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Defendant, JESSE GASTON, is an individual residing in Crawford, Texas.

12. Defendant, JESSE GASTON, was at all times relevant to this matter a President of Defendant, J&J LOGISTICS, INC., and acted directly or indirectly in the interest of Defendant, J&J LOGISTICS, INC., in relationship to Plaintiff; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

13. Defendant, JESSE GASTON, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Additionally, Plaintiff individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning

of Defendant's business activities. Specifically, Plaintiff performed work relating to the handling and movement of goods and products for interstate commerce.

16. Plaintiff: 1) operated s vehicle with a gross vehicle weight rating of less than 10,001 pounds at all times; 2) drove those vehicles on a full-time basis; and, 3) were paid a day rate.

17. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

18. Specifically, Plaintiff was not paid for time spent loading his vehicle each day and was not paid the additional half-time premium for his overtime work.

19. The work schedules for the Plaintiff required him to work up to 12 hour shifts, five to six days a week, during numerous workweeks.

20. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

21. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

22. The acts described in the above paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

23. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

25. Plaintiff has retained the law firm of Ross Law, P.C., to represent him in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against.

WHEREFORE, Plaintiff, TRAVIS BROWN, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff liquidated damages as provided under the FLSA;

c. Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

d. Awarding Plaintiff statutory penalties as provided by law;

e. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, TRAVIS BROWN, demands a jury trial on all issues so triable.

Respectfully submitted this June 20, 2018.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**