IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRAVIS BROWN, | § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 6:18-cv-171 |
| J & J LOGISTIC, INC., and JESSE GASTON, | § § § | |
| | § | JURY DEMANDED |
| Defendants. | § | |

# DEFENDANTS' ORIGINAL ANSWER AND JURY DEMAND

Now comes, J & J Logistics, Inc. and Jesse Gaston, Defendants, and make and file this, their Original Answer to Plaintiff's Original Complaint and for said Answer would show the Court the following:

## I. INTRODUCTION

1. Defendants admit that Plaintiff was an employee of Defendant J & J Logistics, Inc. Defendants deny that Defendant Jesse Gaston was an employer of Plaintiff. The remaining allegations in Paragraph 1 cannot be admitted or denied, but to the extent necessary, Defendants deny the remaining allegations in Paragraph 1.

## II. JURISDICTION

2. Admit

## III. VENUE

3. Admit

## IV. THE PARTIES

4. Upon information and belief, Defendants admit.

5. Defendants admit Plaintiff's allegations in Paragraph 5 except that Defendants deny that Defendant Jesse Gaston was an employer of Plaintiff.

6. Admit

7. Admit

8. Defendants specifically deny Paragraph 8 as to Plaintiff. As to all other employees, Defendants enter a general denial and further assert that the status of all other employees are not relevant to any issue raised by Plaintiff nor any other issue that Plaintiff could raise.

9. Admit

10. Admit

11. Admit

12. Defendants deny the allegation that Defendant Jesse Gaston is a joint employer of Plaintiff and admit the remaining allegations in Paragraph12.

13. Admit

14. Defendants admit that Defendant J & J Logistics, Inc. was an employer of Plaintiff. Defendants deny that Defendant Jesse Gaston was an employer of Plaintiff. To the extent necessary, Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit Plaintiff's allegations in Paragraph 15 as to Defendant J & J Logistics, Inc. Defendants deny Plaintiff's allegations in Paragraph 15 as to Defendant Jesse Gaston.

16. Deny

17. Deny

18. Deny

19. Deny

20. Deny

21. Deny

22. Deny

23. Deny

24. Deny

25. Defendants admit that Ross Law, P.C. has filed a Complaint on Plaintiff's behalf. Defendants have not personal knowledge of the remaining allegations in Paragraph 25 and therefore cannot admit or deny. Defendants specifically deny that any contract Plaintiff may have with Ross Law, P.C. gives rise to a claim for attorneys' fees.

26. Defendants deny any and all material allegations in Plaintiff's Original Complaint not specifically admitted herein.

**V.   JURY DEMAND**

27. Defendants demand a jury trial.

**VI.   DEFENSES**

28. Plaintiff, at all material times, was an exempt employee as to the overtime pay requirements under the Motor Carrier Exemption under the Fair Labor Standards Act.

27. Defendants Jesse Gaston was never an employer of Plaintiff during any relevant time within the meaning of the FLSA and does not have any liability to Plaintiff for claims under the FLSA.

28. At all relevant times, Defendants acted in good faith and reasonably believed that their conduct was not in violation of the FLSA and, therefore, have no liability to Plaintiff under the FLSA and no liability for liquidated damages.

## VII. PRAYER

WHEREFORE, Defendants pray that upon final hearing herein this Court enter judgment

    a.    That Plaintiff take nothing against Defendants;

    b.    That Defendants recover their costs of court and have such other and further relief, general or special, at law or in equity, to which they may show themselves justly entitled.

    Respectfully submitted,

    SHEEHY, LOVELACE & MAYFIELD, PC

    */s/ David M. Mathews*
    David M. Mathews
    State Bar No. 24058211
    510 N. Valley Mills Drive, Suite 500
    Waco, TX 76710
    254.772.8022 Telephone
    254.772.9297 Facsimile
    *dmathews@slmpc.com*

    COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on the 24th day of September, 2018, a true and correct copy of Defendants' Original Answer was electronically served on all counsel of record.

    */s/ David M. Mathews*
    David M. Mathews